### EX PARTE V. A. COOK.

No. 1166.   Decided March 29, 1911.

**Bail—Bonding Company—Sureties.**

By the Act of the Twenty-fifth Legislature, page 244, bonds of all kinds, except official bonds, may be executed by a surety company qualified under said Act, and it is reversible error where relator tendered a bond with sufficient surety to the sheriff and the court not to accept same because the surety was a bonding company.

Appeal from the Criminal District Court of Dallas.   Tried below before Hon. Robert B. Seay.

Appeal from a judgment denying bail.

The opinion states the case.

No brief on file for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Relator was awarded bail in the sum of six thousand dollars by the judge of the Criminal District Court of Dallas County. He tendered bond in that amount signed by himself as principal, and by the General Bonding and Casualty Insurance Company. The sheriff refused to take this bond, and relator went before the Criminal District Court with the matter, and the district judge refused to direct the sheriff to take the bond, and refused to take it himself in open court, and also refused to approve it. In signing the bill of exception setting out this matter, the court said: "The court found that the surety on said bond was a bonding insurance corporation, duly organized under the laws of this State, with assets in this State subject to the extent of two hundred and fifty thousand dollars. The court further finds that said corporation is at this time legally doing business and is a going concern; that the bond pre-

sented is in due and legal form, but the same was not approved by the sheriff and the court refused to approve same or to grant an order directing the ·sheriff to approve same, for the reason that this court is not willing to hold that a bonding concern organized under the laws of this State is authorized by law to become a surety on a bond in a criminal case."

If the General Bonding and Casualty Insurance Company is authorized to sign the bond under the laws of Texas, then the trial court had no authority to reject the bond and keep relator in jail. While the judge may not be willing to permit solvent bonding companies to go as sureties upon bonds in criminal cases, still, if the law so provides, his unwillingness will not control the law. It is not a matter of whether the court is willing to take ample and solvent surety or not. If the security offered is ample and within the terms of the law, then it is not discretionary · with the judge. The party is entitled to have his bond approved or the recognizance taken, as the case may be.

By the Act of the Twenty-fifth Legislature, page 244, companies of this character are authorized to sign bonds of all kinds and character except official bonds of State and county officers, and it further provides, that "all courts, judges, heads of departments, boards, bodies, municipalities and public officers of every character, shall accept and treat such bond, undertaking, obligation, recognizance or guaranty when so executed by such company, as conforming to and fully and completely complying with every requirement of every such law, charter, ordinance, rule or regulation." The above ‘quoted language is found in section 1 of the Act of the Twenty-fifth Legislature. This section more fully quoted is as follows: "That whenever any bond, undertaking, recognizance or other obligation is by law or the charter, ordinances, rules or regulations of a municipality, board, body, organization, court, judge, or public officer, required or permitted to be made, given, tendered or filed, with the surety or sureties, and whenever the performance of any act, duty or obligation, or the refraining from any act is required or permitted to be guaranteed, such bond, undertaking, obligation, recognizance or guaranty may be executed by a surety company, qualified as hereinafter provided; and such execution by such company of such bond, undertaking, obligation, recognizance or guaranty shall be in all respects a full and complete compliance with every requirement of every law, charter, rule or regulation that such bond, undertaking, obligation, recognizance or guaranty shall be executed by one surety or by one or more sureties, or that such sureties shall be residents, or householders or freeholders, or either or both, or possess any other qualification; provided, that nothing herein shall be construed to permit any corporation to become a surety upon the official bond of any State or county official in this State; and all courts, judges, heads of departments, boards, bodies, municipalities and public officers of every character, shall accept and treat such bond, undertaking, obligation, recognizance or guaranty

when so executed by such company, as conforming to and fully and completely complying with every requirement of every such law, charter, ordinance, rule or regulation."

Under and by virtue of the terms of this law, the bond tendered by relator was within the terms of the law, and should have been accepted either in the form of a bond, taken and approved by the sheriff, or in open court as a recognizance taken by the judge. With the surety offered by the accused, he was entitled to the approval of the bond, or recognizance, as the case may be, and to his discharge from custody under the bond or recognizance. The statement of facts and the qualification of the judge to the bill of exception reserved, shows that the bonding company was, to use the expression of the judge, "a going concern," and "subject to the extent," by which we suppose is meant it is subject to execution in the amount stated in the statement of facts and in the qualification, to wit: two hundred and fifty thousand dollars. Relator's bond as fixed by the court was six thousand dollars. This is ample evidence to show the surety offered was solvent.

The judgment will be reversed, and the sheriff will approve the bond, if the obligation is in the form of a bond, or if in the form of a recognizance it will be taken and approved by the judge of the Criminal District Court of Dallas County, and it is accordingly so ordered.

*Reversed, and sheriff ordered to approve bond.*