## EX PARTE WILLIAM OSBORNE.

No. 17398. Delivered December 19, 1934.
Reported in 77 S. W. (2d) 537.

*Goodhue Weatherly*, of Falfurrias, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Habeas corpus proceeding to secure bail.

For a proper disposition of this case it seems only necessary to say that heretofore by the judgment of this court in an appeal from a habeas corpus proceeding,—in which this appellant had sought to have his appeal bond reduced from what he claimed to be an excessive amount of three thousand dollars,— the amount of the bond for appeal in his case was reduced from three thousand dollars as fixed by the trial court, and was set by this court at five hundred dollars. It is now made to appear that after such order and judgment of this court, a bond for appeal was duly executed by appellant as principal and the Maryland Casualty Company as surety in the sum of five hundred dollars, said bond appearing in all things to contain every requisite laid down by statute for such bond. It is further made to appear that neither the sheriff of said county, who has appellant in custody and has legal authority to approve said bond under the terms of article 830, C. C. P., nor the county judge of said county, who also has such authority,—will approve said bond. No reason is advanced on the part of the State or the sheriff, who is the respondent herein, for such refusal. This court is given no information from this record as to any valid reason or excuse for such refusal. If appellant as a juvenile was adjudged to be such only as a result of unlawfully carrying a pistol, and that is absolutely all this court

knows about this case from the record, the sum of five hundred dollars would be a reasonable amount for an appeal bond. The record further shows all things necessary to make clear that the Maryland Casualty Company is such company as is described in article 4969, Rev. Civ. Stats.; that said company has complied with the laws of Texas, and is authorized to make a bond such as the one here under consideration, and has so made and executed same, and that it has been tendered to the sheriff for his approval. In our opinion the sheriff should have approved said bond.

Following Ex parte Cook, 62 Texas Crim. Rep., 22, the judgment of the trial court will be reversed, and the sheriff ordered to approve the bond which was tendered him, if tendered again.                    *Reversed, with directions.*