

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 29, 1958

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW-438

Re: The authority of the Secretary
of State to approve a charter
for corporations having as
their purpose the issuance
of bail bonds.

Dear Mr. Steakley:

In your letter you request an opinion of this office "concerning the authority of this office to accept, file and approve the proposed charters" which have purpose clauses that would authorize corporations to carry on the business of all types of criminal bail bonds.

At the time the Legislature enacted the Texas Business Corporation Act in 1955, corporations engaging in the business of surety on bail bonds had long been required to obtain certificates of authority from the Board of Insurance Commissioners. These corporations received their certificates of authority under Article 8.01 of the Insurance Code as casualty companies, or under prior Chapter 7 of the Insurance Code as fidelity, guaranty, and surety companies. These corporations were further regulated by the Board of Insurance Commissioners by Article 5.13, concerning regulation of rates, and Article 21.10, concerning the requirement of an affidavit of non-violation of the agency provisions. Casualty insurance companies had long been authorized to act as surety for the execution of bail bonds. Cf. Ex Parte Osborne, 127 Tex. Crim. 453, 77 S.W.2d 537.

Article 271-a, Vernon's Code of Criminal Procedure, provides that:

". . . any bail bond or recognizance . . . may be given or executed by such principal and any corporation authorized by law to act as surety . . ."

The only corporations that had been authorized by law to act as surety were under the supervision of the Board of Insurance Commissioners or Banking Commissioner. Article 271-a was enacted in 1929 as an apparent codification of Ex Parte Cook, 62 Tex. Crim. 22, 136 S.W. 67 (1911).

In 1955, the Legislature authorized the Secretary of State to approve charters which contained purpose clauses of the widest variety with certain enumerated exceptions. Article 2.01-B(4) of the

Texas Business Corporation Act enumerates as one of the exclusions, "(d) insurance companies of every type and character that operate under the insurance laws of this State . . ." At the time of the enactment of this exclusion the only corporations authorized to act as sureties on bail bonds were those corporations which were regulated under the insurance or banking laws, such as Chapter 7A, Chapter 8, or Chapter 7B of the Insurance Code.

Thus, your question narrows to whether or not subsequent legislation in 1957 has amended the intention and language of the Texas Business Corporation Act as it was enacted in 1955.

In your opinion request you noted that Article 271-c of the Code of Criminal Procedure, which was enacted as H. B. 11, 55th Leg., (R.S. 1957), Ch. 420, p. 1259, and amended in the First Called Session as S. B. 25, Ch. 24, p. 51, referred to corporations as well as persons in the bail bond business. Not only is the Act by its terms regulatory rather than granting additional powers to the Secretary of State, but recently the Supreme Court of Texas in Smith v. Decker, No. A-6663, decided on April 30, 1958, that the entire statute is unconstitutional. The only corporations "authorized by law to act as surety" in accordance with Article 271-a, C.C.P., were regulated under Chapter 7 and Chapter 8 of the Insurance Code. The repeal of Chapter 7 of the Insurance Code, S. B. 165, 55th Leg., (R.S. 1957), Ch. 388, p. 1162, had the effect of limiting the doing of a corporate surety business solely to insurance companies regulated under Chapter 8 by the Board of Insurance.

It is thus our opinion that the recent legislation referred to above has not altered or repealed the former requirement of a certificate of authority from the Board of Insurance for a corporation to engage in the business of acting as surety on bail bonds for a premium. Therefore, it is our opinion that the Secretary of State does not have the authority to approve charters stating the doing of a bail bond business as a corporate purpose.

## SUMMARY

Article 2.01-B(4)(d) of the Texas Business Corporation Act; the Code of Criminal Procedure, Article 271-a; and Article 8.01 of the Insurance Code restrict the corporate business of insurance of bail bonds to those corporations which have a certificate of authority from the Board of Insurance. Therefore, the Secretary of State does not have

authority to approve applications for cor-
porate charters which state the business
of surety on criminal bail bonds as a pur-
pose.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Maco Stewart

Maco Stewart
Assistant

MS:lm

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Wallace P. Finfrock
Riley Eugene Fletcher
Tom I. McFarling

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert