**INTERNATIONAL FIDELITY INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant,**

v.

**SHERIFF OF DALLAS COUNTY, Texas, et al., Appellees.**

**No. 7310.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 13, 1972.

Rehearing Denied Feb. 3, 1972.

Blassingame, Hendley & Watson, Dallas, for appellant.

Geary, Brice, Barron & Stahl, Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, for appellees.

KEITH, Justice.

Appellant is a foreign insurance corporation organized under the laws of the State of New Jersey and has a permit to do business in Texas. It was engaged in the business of writing bail bonds for approval by the Sheriff of Dallas County, Texas, and had been so engaged for approximately one year before this litigation began. During that time, it had written bail bonds having a principal amount in excess of one million dollars. The Sheriff of Dallas County promulgated an order to the effect that all sureties upon bail bonds tendered in the future would be required to subscribe to the affidavit set out in Art. 17.13, Vernon's Annotated Code of Criminal Procedure. Such order denied corporate sureties the right to become surety upon bail bonds of prisoners confined in the county jail. Appellant instituted suit under the Declaratory Judgments Act seeking a declaration that the provisions of Art. 7.19-1, Insurance Code of Texas, V.A.T.S., were controlling and that the Sheriff was legally wrong in placing his reliance upon Art. 17.13, C.C.P.

Upon the trial of the cause to the court, it was established, without question, that appellant had received a "Certificate of Authority" from the State Board of Insurance of the State of Texas which read in part as follows:

"THIS IS TO CERTIFY THAT INTERNATIONAL FIDELITY INSURANCE COMPANY NEWARK, NEW JERSEY has complied with the laws of the State of Texas applicable thereto and is hereby authorized to transact the business of Fidelity and Surety Insurance within the State of Texas. This Certificate of Authority shall be in full force and effect until it is revoked, canceled or suspended according to law."

Another certificate from the State Board of Insurance of the State of Texas was introduced in evidence, the material part reading:

"Pursuant to Article 21.29 of the Texas Insurance Code, I HEREBY CERTIFY THAT INTERNATIONAL FIDELITY INSURANCE COMPANY NEWARK, NEW JERSEY has in all respects complied with the laws of Texas in relation to insurance."

It was shown that appellant had on deposit with the State Treasurer of the State of Texas the required deposit of $50,000 in the form of two certificates of deposit executed by banks domiciled in Texas. See Art. 8.05, Insurance Code. Appellant made no effort to show that it had any other property in Texas subject to execution.

The Sheriff and his bail bond deputy testified that two other corporate sureties had gone bankrupt leaving bail bonds upon which they were sureties uncollectible after forefeiture. There was testimony that appellant also wrote bail bonds in several other counties in Texas but the face amount outstanding is not shown in our record. The record reflects that there were not any unpaid final bond forfeiture judgments pending against the appellant at the time of the hearing in the trial court.

The trial court, at the conclusion of the hearing, denied all relief sought by appellant and an appeal was duly perfected to the Court of Civil Appeals in and for the Fifth Supreme Judicial District of Texas, at Dallas. The cause has been transferred to this court by the Supreme Court in an equalization of the dockets of the several intermediate appellate courts.

Appellant contends that since it is an insurance company regulated by the State Board of Insurance and subject to the provisions of the Insurance Code, it is permitted to become surety upon bail bonds without reference to the provisions of the Code of Criminal Procedure mentioned above. A subsidiary contention is that as

a matter of law, the Sheriff had no discretion in passing upon the sufficiency of the bonds upon which appellant had become surety. The contentions so advanced require us to examine the status of appellant and its right to become surety upon bail bonds.

The Sheriff relies upon the provisions of Art. 17.13, Code of Criminal Procedure, which we quote in the margin.[1] We also quote in the margin the pertinent provisions of Art. 7.19–1, Insurance Code, relied upon by the appellant.[2]

■ Strangely, the parties rely upon the same rule of statutory construction, viz., that where conflicts exist between two statutes, one general and one special, the special statute controls over the general statute as to such conflict. E. g., State v. Balli, 144 Tex. 195, 190 S.W.2d 71, 86 (1945); Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947). From this premise, appellant argues the statute found in the Code of Criminal Procedure is the general statute while that appearing in the Insurance Code is the special—and controlling—statute. The Sheriff takes the opposite position.

■■ Neither party cites to us some of the other rules governing statutory construction; namely, that the objective of the court, when called upon to construe legislative enactments, is to ascertain the purpose of the legislature in the enactment of the laws relating to the particular matter; and, the intention of the legislature is to be ascertained from the language of the statutes and to give effect to all laws bearing upon the same subject, although announced at different sessions of the legislature. See, Duval Corporation v. Sadler, 407 S.W.2d 493, 497 (Tex.Sup.1966).

When the legislature made a comprehensive revision of the bail bond statutes in 1965, it again made provision for the use of the corporate surety in Art. 17.06, Code of Criminal Procedure.[3] The succeeding

1. "To test the sufficiency of the security offered to any bail bond, unless the court or officer taking the same is fully satisfied as to its sufficiency, the following oath shall be made in writing and subscribed by the sureties: 'I, do swear that I am worth, in my own right, at least the sum of (here insert the amount in which the surety is bound), after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; that I reside in .......... County, and have property in this State liable to execution worth said amount or more.

"'(Dated ........, and attested by the judge of the court, clerk, magistrate or sheriff.)'

"Such affidavit shall be filed with the papers of the proceedings."

2. "Section 1. Whenever any bond, undertaking, recognizance or other obligation is, by law or the charter, ordinances, rules and regulations of a municipality, board, body, organization, court, judge or public officer, required or permitted to be made, given, tendered or filed, and whenever the performance of any act, duty or obligation, or the refraining from any act, is required or permitted to be guaranteed, such bond, undertaking, obligation, recognizance or guarantee may be executed by a surety company duly qualified to do business in this state; and such execution by such company of such bond, undertaking, obligation, recognizance or guarantee shall be in all respects a full and complete compliance with every law, charter, rule or regulation that such bond, undertaking, obligation, recognizance or guarantee shall be executed by one surety or by one or more sureties, or that such sureties shall be residents, or householders, or freeholders, or either, or both, or possess any other qualification and all courts, judges, heads of departments, boards, bodies, municipalities, and public officers of every character shall accept and treat such bond, undertaking, obligation, recognizance or guarantee when so executed by such company, as conforming to, and fully and completely complying with, every requirement of every such law, charter, ordinance, rule or regulation."

3. "Wherever in this Chapter, any person is required or authorized to give or execute any bail bond, such bail bond may be given or executed by such principal and

article provided for the recordation of powers of attorney. In Art. 17.11, C.C.P. a single surety upon a bail bond is authorized if "such surety is worth at least double the amount of the sum for which he is bound, . . . and that he is a resident of this State, and has property therein liable to execution worth the sum for which he is bound."

██ It seems clear to us that the legislature, when it made the comprehensive revision of the bail bond statutes, permitted two types of surety upon bail bonds: individuals and insurance companies. No statute of general application vested in any agency the right to determine the sufficiency of individual sureties and that determination was entrusted to the discretion of the approving official. As to the corporate surety, there was a statute of general application which vested the determination of the sufficiency of the insurance companies as sureties upon the State Board of Insurance. See Art. 1.04(b), Insurance Code. This power, by virtue of the statute, was delegated to the Commissioner of Insurance. Id. The legislature determined that upon compliance with the provisions of the code, and the deposit of $50,000 with the state treasurer, such company was authorized to do business in this state. Art. 8.05, Insurance Code. The question of compliance with the laws with reference to solvency was entrusted to the Commissioner of Insurance and an elaborate statutory scheme of regulation was adopted for insurance companies such as is involved here. See, "Subchapter B. Casualty Insurance and Fidelity, Guaranty and Surety Bonds," Art. 5.13 et seq., Insurance Code. Taken with the long-standing judicial interpretation of Art. 7.19–1 (to be discussed hereinafter), we are driven to the conclusion that the legislature entrusted to the State Board of Insurance the qualification of an insurance company to become surety upon a bail bond. It is manifest from a reading of the

statutes on the subject, both those in the Insurance Code and in the Code of Criminal Procedure, that the legislature did not intend that every justice of the peace, sheriff, judge of a corporation court, and other type of magistrate in Texas, would have such power.

██ The expertise necessary to determine the solvency of an insurance company is not ordinarily found in sheriffs or judges, however sincere each may be. Instead, the determination of solvency is a matter for determination by experts employed by the Commissioner of Insurance. If the mechanism is faulty, if the amount of the deposit required is insufficient, if there be abuses of the system, such are matters for the attention of the legislature, not the courts.

From the historical note following Art. 7.19–1, Insurance Code, found in Vernon's Annotated Civil Statutes, we are advised that this article was not a part of the Insurance Code of 1951. Instead, it was adopted by the 56th Legislature in 1959, and is based, at least in part, upon R.S.1911, Art. 4929. This latter article from the old statutes was construed by the Supreme Court in Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722, 729 (1924). After quoting the statute, the court said: "It is an admitted fact that such a bond was executed and filed in this matter. *Its approval involved no discretion.* The law approves it, or makes its approval obligatory." (emphasis supplied)

See also, to the same effect, McKenzie Const. Co. v. City of San Antonio, 50 S.W. 2d 349, 351 (Tex.Civ.App., San Antonio, 1932, error ref.). Indeed, in Ex parte Cook, 62 Tex.Cr. 22, 136 S.W. 67 (1911), the Court of Criminal Appeals held that the Sheriff of Dallas County wrongfully failed to approve a bail bond executed with corporate surety thereon. The court quoted the statute in its entirety, granted the writ

---

any corporation authorized by law to act as surety, subject to all the provisions of this Chapter regulating and governing the

giving of bail bonds by personal surety insofar as the same is applicable."

of habeas corpus discharging the relator, and said:

> "Under and by virtue of the terms of this law, the bond tendered by relator was within the terms of the law, and should have been accepted, either in the form of a bond, taken and approved by the sheriff, or in open court as a recognizance taken by the judge. With the surety offered by the accused [a single corporate insurance company], he was entitled to the approval of the bond, or recognizance, as the case may be, and to his discharge from custody under the bond or recognizance." (136 S.W. at p. 68)

The Court of Criminal Appeals in Ex parte Osborne, 127 Tex.Cr. 453, 77 S.W.2d 537 (1934), again citing R.S.1925, Art. 4969, following the *Cook Case,* supra, ordered the sheriff to approve the bail bond tendered with a single corporate surety thereon.

Our two courts of last resort have construed the statute now found in the insurance code in a harmonious manner. The Supreme Court has held that the approving officer has no discretion as to its approval; and the Court of Criminal Appeals has held that the predecessor statute is applicable to criminal bail bonds. Under these circumstances, we have no alternative but to reverse the judgment of the trial court and to render such judgment as should have been rendered below. This we proceed to do.

 Any insurance company authorized to write fidelity and surety bonds under the laws of the State of Texas, upon proof of compliance with the provisions of Articles 8.05 and 21.29 of the Insurance Code of Texas, is entitled to become surety upon any bail bond tendered to the Sheriff of Dallas County under any provision of the Code of Criminal Procedure authorizing bail. The Sheriff of Dallas County, Texas does not have any discretion in the determination of the sufficiency of the surety when the surety upon the bond tendered for approval is an insurance company authorized to do fidelity and surety business in Texas.

The judgment of the trial court is reversed, the sureties upon the supersedeas bond are released from all liability thereon, and the judgment is here and now rendered for appellant. Pursuant to Rule 141, Texas Rules of Civil Procedure, for reasons apparent in this opinion, each party shall bear all costs incurred by him.

Reversed and rendered.

DIES, Chief Justice (dissenting).

I respectfully dissent.

The question here, I feel, is one of legislative intent and I am unable to conclude from the applicable statutes that the legislature intended to make a different rule for insurance companies making bail bonds as distinguished from personal sureties.

Art. 17.13, C.C.P., requires the officer taking a bail bond to fully satisfy himself of the sufficiency of the bond. This is not a recent statute (see p. 468, Vol. 1, Vernon's Ann.Code of Crim.Proc.). No exception is given to insurance companies. Nor is any exception given in Art. 7.19-1 of the Insurance Code, on which appellant relies.

I am strengthened in this view by Art. 17.06, C.C.P., which authorizes corporate surety. It specifically makes them *"subject to all the provisions of this Chapter regulating and governing the giving of bail bonds by personal surety insofar as the same is applicable."* (emphasis added)

Furthermore, Art. 17.09 § 3, C.C.P., states:

> "Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may, either in

term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so given and approved, the defendant shall be released from custody."

The majority opinion denies this power to the magistrate where the surety is an insurance company.

I feel that if the legislature had wanted to make an exception in the case of insurance companies as bail bond sureties, it would have done so more specifically, and would have made provision for its enforcement. See, State v. Central Power & Light Co., 139 Tex. 51, 161 S.W.2d 766, 768 (1942).