

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

Affirmed by International
Fidelity Ins. Co. v.
Sheriff of Dallas County
in 476 S.W. 2d 115 (Tex.
Civ.App., 1972, error ref.
n.r.e.)

January 26, 1972

Hon. Carol S. Vance
District Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-1060

Re: If a limit exists as to the
total amount of bail bonds that
a corporate surety may make,
then how may the limit be
determined?

Dear Mr. Vance:

You have requested an opinion from this office on the following question:

"Is there any limit as to the total amount of bail
bonds that a corporate surety may make? If so,
how is such limit to be determined?

The authority for a corporation to act as surety on a bail bond is found under the provisions of Article 17.06 of the Code of Criminal Procedure of Texas which reads as follows:

"Wherever in this Chapter, any person is re-
quired or authorized to give or execute any bail
bond, such bail bond may be given or executed
by such principal and any corporation authorized
by law to act as surety, subject to all the pro-
visions of this Chapter regulating and governing
the giving of bail bonds by personal surety insofar
as the same is applicable."

Article 17.07 of the Code of Criminal Procedure reads as follows:

"Any corporation authorized by the law of this
State to act as a surety, shall before executing
any bail bond as authorized in the preceding
Article, first file in the office of the county clerk

-5173-

of the county where such bail bond is given, a power of attorney designating and authorizing the named agent, agents or attorney of such corporation to execute such bail bonds and thereafter the execution of such bail bonds by such agent, agents or attorney, shall be a valid and binding obligation of such corporation. "

Article 17.11, Section 1, of the Code of Criminal Procedure, reads as follows:

"Every court, judge, magistrate or other officer taking a bail bond shall require evidence of the sufficiency of the security offered; but in every case, one surety shall be sufficient, if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances; and that he is a resident of this state, and has property therein liable to execution worth the sum for which he is bound. "

Article 17.045 of the Code of Criminal Procedure reads as follows:

"A bail bond certificate with respect to which a fidelity and surety company has become surety as provided in the Automobile Club Services Act, or for any truck and bus association incorporated in this state, when posted by the person whose signature appears thereon, shall be accepted as bail bond in an amount not to exceed $200 to guarantee the appearance of such person in any court in this state when the person is arrested for violation of any motor vehicle law of this state or ordinance of any municipality in this state, except for the offense of driving while intoxicated or for any felony, and the alleged violation was committed prior to the date of expiration shown on such bail bond certificate. "

In the cases of ExParte Cook, 136 S. W. 67 (Tex. Crim. 1911), and ExParte Osborne, 77 S. W. 2d 537 (Tex. Crim. 1934) the Court held that bail bonds executed by a surety company which had been authorized to do business under the statutes must be accepted.

Article 2.01 of the Texas Insurance Code authorizes the formation of a casualty insurance company, including fidelity, guaranty, surety and trust companies. Article 2.02, subdivision 4 of this Code requires these companies to incorporate with a capital of not less than $150,000 and $75,000 surplus.

Article 5.13 of the Insurance Code places the regulation of fidelity, surety and guaranty bonds under the Board of Insurance Commissioners, and, within the board, gives primary supervision and regulation thereof to the Casualty Insurance Commissioner.

Article 7.19-1 of the Insurance Code authorizes execution of a surety undertaking by one surety company.

Article 8.07 of the Insurance Code requires the officers of a casualty company to file an annual statement showing names of all officers, capital stock, the amount of capital stock paid in, assets, liabilities, income during the year, expenditures during the year, and a full disclosure is to be made by said company to the State Board of Insurance.

Article 8.11 of the Insurance Code, authorizes the Insurance Commission to revoke the certificate of authority and refer the facts to the Attorney General, who shall proceed to ask the Court to appoint a receiver, for failure of the corporation to comply with the law, and then expressly states:

> ". . . In no other way can the Board or any other person restrain or interfere with the prosecution of business of any company doing business under the provisions of this chapter, except in actions by judgment creditor or in proceedings supplementary to execution. "

Article 8.20 of the Insurance Code reads as follows:

"The Board upon due proof by a company
organized under the provisions of this law,
of its possessing the qualifications required,
shall issue a certificate setting forth that it
has qualified and is authorized for the ensuing
year to do business under the law, which
certificate or a copy thereof shall be evidence
of such qualifications and of such company's
authority to transact business authorized by
this chapter, and of its solvency and credits."

Article 21.36 of the Insurance Code provides as follows:

"Should any insurance company, except those
designated in Article 3.61 of this code fail or
neglect to pay off and discharge any execution,
issued upon a valid final judgment against said
company, within thirty (30) days after the notice
of the issuance thereof, then in that event the
certificate of authority of said company to transact
business of insurance shall be revoked, cancelled
and annulled, and said company shall be prohibited
from transacting business of insurance in this
State until said execution be satisfied."

We do not find in the Insurance Code or the Code of Criminal Procedure any limit as to the total number or amount of bail bonds that a corporate surety may make. However, we do find in Article 17.09 of the Code of Criminal Procedure that if the Judge finds sureties are not acceptable on a bail bond, then he can order the accused to be re-arrested and a new bond to be made.

Section 2 of Article 17.11 of the Code of Criminal Procedure provides that if any person who has signed as surety on a bail bond is in default thereon, then he shall be disqualified to sign a surety so long as he is default on said bond. It further provides that the clerk shall notify in writing the sheriff, chief of police, or other peace officers of such default. Also Article 21.36 of the Insurance Code, supra, provides for

the revocation of a certificate of authority to transact insurance business in the event any insurance company fails or neglects to pay off and discharge any final judgment against said insurance company.

In view of our answer to the first part of your question, no answer is necessary to the second portion thereof.

SUMMARY

The statutes of the State of Texas do not provide for any limit as to the total number or amount of bail bonds that a corporate surety may make.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sam Jones
Rex White
Lonny Zwiener
Bob Lattimore

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant