

# THE ATTORNEY GENERAL
## OF TEXAS

December 29, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Lloyd Criss
Chairman
Committee on Labor and Employment
   Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-598

Re:   Whether a city official
may engage in the writing of
bail bonds

Dear Representative Criss:

You ask whether a city official who receives remuneration from the city or county may engage in the writing of bail bonds. Specifically, you inform us that

> [t]he current superintendent in charge of streets in Madisonville, Texas, is also engaged in the writing of bail bonds in Madison County.

We assume that the superintendent is responsible for the construction and maintenance of city streets. Because you ask specifically about the current superintendent in charge of streets, we will limit our discussion to that particular office. We conclude that, as a matter of law, the superintendent in charge of streets is not prohibited by virtue of his employment with the city from engaging in the writing of bail bonds. We do not decide whether there is any conflict as a matter of fact, i.e., whether the superintendent in charge of streets may faithfully execute the duties of his office and, at the same time, engage in the writing of bail bonds. Such a determination involves the resolution of an issue of fact which we are not empowered to make.

You inform us that Madisonville is a general law city; accordingly, it is governed by the general laws, specifically articles 961 et seq., V.T.C.S. See Woolridge v. Folsom, 564 S.W.2d 471 (Tex. Civ. App. - Dallas 1978, no writ). General law cities are creatures of statute and have no powers except those expressly or impliedly granted by the statute creating them. City of Uvalde v. Uvalde Electric & Ice Co., 250 S.W. 140 judgment adopted (Tex. Comm'n App. 1923); Dibrell v. City of Coleman, 172 S.W. 550 (Tex. Civ. App. - Austin 1915, writ ref'd). Article 977, V.T.C.S., authorizes the creation of

> such other officers and agents as the city council
> may from time to time direct, who may either be
> appointed or elected as provided by ordin-
> ance. . . .

We assume, that the position of "superintendent in charge of streets"
is such an office.

Article 2372p-3, V.T.C.S., provides for the licensing and
regulation of bail bondsmen. The act creates a county bail bond board
in each county having a population of more than 110,000 according to
the last federal census; in counties of less than 110,000, the
creation of the board lies within the discretion of a majority of the
officers of the county who would constitute members of the board.
V.T.C.S. art. 2372p-3, §§3, 5. The population of Madison County,
according to the last federal census, is less than 110,000. We have
been informed that the officers of Madison County have not created
such a board. Accordingly, the regulation and licensing pursuant to
article 2372p-3 of bail bondsmen in Madison County falls without the
ambit of the act.

In counties not falling within article 2372p-3, V.T.C.S., the
qualifications of bail bondsmen are determined by recourse to other
statutory provisions. Article 17.06 of the Code of Criminal Procedure
provides that

> [w]herever in this Chapter, any person is required
> or authorized to give or execute any bail bond,
> such bail bond may be given or executed by such
> principal and any corporation authorized by law to
> act as surety, subject to all the provisions of
> this Chapter regulating and governing the giving
> of bail bonds by personal surety insofar as the
> same is applicable.

Article 2.01 of the Business Corporation Act, article 8.01 of the
Insurance Code, and the above-quoted section of the Code of Criminal
Procedure, taken together, permit two types of surety on bail bonds.

> It seems clear to us that the legislature, when it
> made the comprehensive revision of the bail bond
> statutes, permitted two types of surety upon bail
> bonds: individuals and insurance companies. No
> statute of general application vested in any
> agency the right to determine the sufficiency of
> individual sureties and that determination was
> entrusted to the discretion of the approving
> official. As to the corporate surety, there was a
> statute of general application which vested the

> determination of the sufficiency of the insurance companies as sureties upon the State Board of Insurance.

International Fidelity Insurance Company of Newark, New Jersey v. Sheriff of Dallas County, 476 S.W.2d 115, 119 (Tex. Civ. App. - Beaumont 1972, writ ref'd n.r.e.). We can find no provision in either the Code of Criminal Procedure, the Business Corporation Act, or the Insurance Code which would preclude a city officer from engaging in the writing of bail bonds in the situation you describe. We turn next to the body of law governing public officers in order to determine whether there is in that body of law any legal impediment to an officer engaging in such activity.

This office has in the past been called upon frequently to decide whether an officer of a political subdivision may contract with the political subdivision of which he is an officer. The general rule was that, absent a specific statutory prohibition, such contracts were invalid where there was a conflict of interest. See, e.g., Attorney General Opinion JM-99 (1983); MW-236, MW-124 (1980); MW-34 (1979); H-624 (1975); H-354 (1974). In Attorney General Opinion JM-99 we discussed the common law prohibitions against conflicts of interest and concluded that

> as long as there is no conflict of interest, self-dealing, or potential for dereliction of duties, we believe that as a general proposition, a county official or employee may contract with the county through the commissioners court for services or materials which are furnished by that county employee in his private capacity and which are separate and wholly unrelated to his official county duties.

This general conclusion has been modified by the enactment of article 988b, V.T.C.S., which became effective January 1, 1984.

In this instance, however, the city official is engaged in business, not with the city, but with private individuals. His private business is unrelated to his official duties. We have found no statute, nor have you directed us to one, which imposes restrictions comparable to article 988b on public officers engaged in private business with private individuals. But see Penal Code art. 39.01. Accordingly, we conclude that the superintendent in charge of city streets is not precluded as a matter of law from engaging in the writing of bail bonds. We do not address whether there is any conflict as a matter of fact, i.e., whether the superintendent in charge of city streets may faithfully execute the duties of his office and, at the same time, engage in the writing of bail bonds.

S U M M A R Y

The superintendent in charge of streets for the city of Madisonville is not precluded as a matter of law from engaging in the writing of bail bonds.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General