

# THE ATTORNEY GENERAL
## OF TEXAS

March 23, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Donald B. Wilson
Executive Secretary
Texas Board of Veterinary
  Medical Examiners
3810 Medical Parkway, Suite 119
Austin, Texas   78756

Opinion No. JM-656

Re:   Whether a rule of the Texas
Board of Veterinary Medical Exa-
miners conflicts with a municipal
regulation   enacted   under   the
authority of the Rabies Control
Act, article 4477-6a, V.T.C.S.

Dear Mr. Wilson:

The question posed by your inquiry is whether a rule of the Texas
Board of Veterinary Medical Examiners "concerning 'confidentiality'
takes precedence over a rule imposed by a municipality under authority
of the Rabies Control Act, article 4477-6a, section 2.02(b),
V.T.C.S.?"

Article 7465a, section 8(a), V.T.C.S., provides that the State
Board of Veterinary Medical Examiners may enact "rules of professional
conduct," as follows:

> The Board may from time to time adopt, alter,
> or amend rules of professional conduct appropriate
> to establish and maintain a high standard of
> integrity, skills and practice in the profession
> of veterinary medicine.

You set forth Board Rule No. 20, "Observance of Confidentiality,"
which provides:

> A licensed veterinarian shall not violate the
> confidential relationship between himself and his
> client.

Article 4477-6a, V.T.C.S., Rabies Control Act of 1981, provides
in pertinent part:

> Sec. 2.02 (a) The governing body of an incor-
> porated municipality or the commissioners court of
> a county may adopt the provisions of this Act and
> the standards established by the board; or

(b)  As provided in Section 3.01 of this Act the governing body of an incorporated municipality or the commissioners court of a county may adopt ordinances and/or rules which establish local control programs and set local standards which are compatible with and equal to or more stringent than the program established by this Act and the rules adopted by the board, including but not limited to ordinances and rules which require the registration and/or restraint of each dog or cat found within the respective jurisdictions.

. . . .

Sec. 3.01.  Except as specifically provided for in Section 3.09 of this Act:

(a)  The provisions of this Act and/or the rules adopted by the board under the authority of this Act are the minimum standards for rabies control in this state.

. . . .

(c)  The provisions of this Act, the rules adopted by the board, and the ordinances and/or rules adopted by the commissioners court of a county do not prohibit the adoption by the governing body of an incorporated municipality located within the county of ordinances and/or rules which are compatible with and equal to or more stringent than the ordinances and rules adopted by the county and the provisions of this Act and the rules adopted by the board.  Such municipal ordinances and/or rules shall supersede those of the county and the provisions of this Act and the rules of the board within the corporate limits of the municipality so that multiple enforcement will not occur.

. . . .

Sec. 3.07.  Fees for Registration. (a)  Subject to the limitation contained in Subsection (b) of this section, the governing body of an incorporated municipality and the commissioners court of a county may enact ordinances and/or adopt rules to require the registration of each dog and cat within the respective jurisdiction of the municipality or the county.

> (b)  No dog or cat shall be subject to dual registration and the priority of registration enforcement shall be governed by the provisions of Section 3.01 of this Act.
>
> (c)  The enforcement agency may collect a fee set by ordinance for the registration of each dog and/or cat and such fees shall be retained by the enforcement agency to be used only to help defray the expense of the administration of the provisions of this Act or the ordinances and/or rules of the enforcement agency within the area of its jurisdiction.

Article 4477-6a, section 1.03(2) defines "Board" to mean the "Texas Board of Health" and section 3.09 referred to in section 3.01 authorizes the board to declare an area rabies quarantine.

While you do not set forth the ordinance (or proposed ordinance) in question, we conclude from the tenor of your inquiry that the ordinance requires members of the veterinary profession to furnish information to the municipality of "lists of names of animal owners who have their animals vaccinated against rabies." You suggest that this information is desired by the animal control personnel of the municipality in order that they may contact the owner relative to paying a licensing fee.

We look to the purpose of the legislature in the enactment of the laws which granted the authority for the enactment of the ordinances and rules. Section 1.02 of article 4477-6a states as its purpose "to establish a minimum statewide program to control and eradicate rabies in the State of Texas." Also, stated within the "purpose of act" is a provision that the "program shall be administered by the Texas Board of Health with the cooperation of the governing bodies of the counties and incorporated municipalities within the state."

To glean an insight into the intent of the legislature, we must also look to the language of the statute. Section 2.02(b) of article 4477-6a, provides for the enactment by an incorporated municipality of ordinances or rules

> which establish local control programs and set local standards which are compatible with and equal to or <u>more stringent than the program established by this Act and the rules adopted by the board</u>, including but not limited to ordinances and rules which require the registration and/or restraint of each dog or cat found within the respective jurisdictions. (Emphasis added).

Section 3.01, subsection (c) of article 4477-6a, provides that

> municipal ordinances and/or rules shall <u>supersede</u>
> <u>those of the county and the provisions of this Act</u>
> <u>and the rules of the board</u> within the corporate
> limits. . . .  (Emphasis added.)

Article 7465a, The Veterinary Licensing Act, not only authorizes the Texas Board of Veterinary Medical Examiners to enact rules of professional conduct but also provides for the licensing of veterinarians, appointment of board members, employment of a staff for the board, expiration, renewal and supervision of licenses, legal remedies against unlawful practice, and, in general, the licensing and supervision of the veterinary profession. The Rabies Control Act has a very specific purpose, "to control and eradicate rabies in the State of Texas."

There is a well known rule of statutory construction which provides that where a conflict exists between two statutes, one general and one special, the special statute controls over the general statute as to such conflict. <u>Cuellar v. State</u>, 521 S.W.2d 277 (Tex. Crim. App. 1975); <u>International Fidelity Insurance Company of Newark, New Jersey v. Sheriff of Dallas County</u>, 476 S.W.2d 115 (Tex. Civ. App. - Beaumont 1972, writ ref'd n.r.e.); Attorney General Opinion Nos. MW-285, MW-261 (1980). Where we are confronted with ordinances and/or rules which are at odds, we believe it appropriate in resolving such conflict to look to the statutes from which the municipality and the board derived their authority to enact same.

Article 4477-6a is a special statute, with a special and limited purpose. Article 7465a is a general statute. In reviewing article 4477-6a, we find that the legislature used emphatic language in vesting municipalities with sufficient authority to achieve the specific purpose of controlling and eradicating rabies. Municipal ordinances are authorized to be more stringent than the program established by the act and the rules adopted by the Texas Board of Health. The statute also provides that the municipal ordinances and/or rules shall supersede those of the county, provisions of this act, and the rules of the Texas Board of Health. We are of the opinion that the ordinances to which you refer, when enacted under authority of the Rabies Control Act, takes precedence over Board Rule No. 20, relating to the confidential relationship between a veterinarian and his client.

## S U M M A R Y

The municipal ordinance, or proposed municipal ordinances to which you refer, requiring members of the veterinary profession to furnish "lists of names of animal owners who have their animal

> vaccinated against rabies," when enacted pursuant to article 4477-6a, V.T.C.S., takes precedence over Board Rule No. 20 promulgated by the State Board of Veterinary Medical Examiners, under authority of article 7645a, V.T.C.S., relating to the confidential relationship between a veterinarian and his client.

Very truly yours,

**J I M    M A T T O X**
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General